Kevin Smith, Esq. (# 4218384)
Law Offices of Robert Stutman
200 Vesey St., 24th Floor
New York, NY 10281
215-283-1177 (Phone)
215-283-1188 (Fax)
smithk@stutmanlaw.com
*Attorneys for The Travelers Property*
*Casualty Company of America*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Travelers Property Casualty Company of America, as Subrogee of Westside Radiology Associates PC, Mid-Rockland Imaging Partners Inc, Key Equipment Finance, a division Key Bank National Association,<br><br>    Plaintiff,<br>v.<br><br>Vema Group, LLC<br>38-68 11th Street<br>Long Island, New York 11101,<br><br>1790 Broadway Associates, LLC<br>1790 Broadway, Suite 1700<br>New York, NY 11019-1412<br><br>and<br><br>Goodhope Management Corp.<br>1790 Broadway, Suite 1700<br>New York, NY 11019-1412<br><br>    Defendants. | Civil Index No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

# **COMPLAINT**

Plaintiff, Travelers Property Casualty Company of America, (hereinafter Travelers), as Subrogee of Westside Radiology Associates PC, (hereinafter Westside), Mid-Rockland Imaging Partners Inc, (hereinafter, Mid-Rockland), Key Equipment Finance, a division Key Bank National Association, (hereinafter, Key Equipment), by and through their undersigned counsel, brings this Complaint against Vema Group, LLC, 1790 Broadway Associates LLC, (hereinafter 1790 Broadway) and Goodhope Management Corp., (hereinafter Goodhope) and states as follows:

## PARTIES

1. Plaintiff, Travelers is a Connecticut corporation that is authorized to do business in the State of New York, with a principal place of business located at One Tower Square, Connecticut 06183.

2. Westside is a New York professional corporation that operates medical practices in the State of New York and provides professional medical imaging services.

3. At all times material hereto, Westside operated a medical imaging practice at 1790 Broadway, New York, N.Y.

4. Mid-Rockland is a Delaware corporation in the business of owning certain assets of medical practices and providing management, administrative and other nonmedical support services to medical imaging practices.

5. At all times material hereto, Mid-Rockland owned and leased certain assets of the radiological medical practice operated by Westside at 1790 Broadway, New York, N.Y., and provided management, administrative and nonmedical support staff to Westside at that location.

6. Key Equipment is a subsidiary of Key Corp., a New York corporation having a place of business at 80 State Street, Albany New York.

7. At all times material hereto, Key Equipment owned and leased certain medical imaging equipment to Mid-Rockland, including an MRI machine, and associated computer equipment, which was located at 1790 Broadway, New York, N.Y. and utilized by Westside at that location.

8. At all times material hereto, Travelers provided business and property insurance to Westside and Mid-Rockland, including coverage for the property owned and leased by Mid-Rockland and utilized by Westside at the 1790 Broadway, New York, N.Y. location.

9. Defendant, Vema Group, LLC (hereinafter Vema) is a New York limited liability company authorized to do business in the State of New York with a principal place of business located at 38-68 11th Street, Long Island City, New York 11101.

10. Defendant, 1790 Broadway is a New York limited liability Company having offices and a principal place of business at 1790 Broadway, New York, N.Y. and was at all times material hereto the owner of the building from which Westside and Mid-Rockland conducted business as described above.

11. Defendant Goodhope is a corporation organized and existing under the laws of the State of New York, having offices and a principal place of business at 1790 Broadway, New York, N.Y. and was at all times material hereto in the business of providing building management services, including management of the subject building at 1790 Broadway on behalf of the owner.

## JURISDICTION

12. Jurisdiction in this Court is properly based upon diversity of citizenship under 28 U.S.C. § 1332.

13. The matter in controversy is in excess of $75,000.00, exclusive of interest and costs.

14. All Defendants regularly conduct business in the State of New York and within the Southern District of New York and this Honorable Court may exercise personal jurisdiction over all Defendants

**VENUE**

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to the claim and the property which is the subject of this action are situated in the Southern District of New York, at 1790 Broadway, New York, New York.

**FACTUAL ALLEGATIONS**

16. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17. Between approximately December 30, 2017 and January 7, 2018, three water pipes froze and burst, resulting in water leakage at the commercial building located at 1790 Broadway, New York, NY ("The Building") occupied in part by Westside and Mid-Rockland, causing water to enter the space occupied by Westside and Mid-Rockland.

18. On July 2, 2018, draining of building risers associated with the water and / or building heating and cooling systems being conducted by the agents, servant and employees of Goodhope and 1790 Broadway resulted in water again entering the space occupied by Westside and Mid-Rockland.

19. The events by which water entered the space at 1790 Broadway, New York, N.Y. occupied by Westside and Mid-Rockland between December 30, 2017 and January 7, 2018 and again on July 2, 2018 are hereinafter referred to as the "Water Losses".

20. At the time of the Water Losses, the Building's ground floor, a portion of the second floor and other parts of the building were in the process of being renovated, including renovations to accommodate a new tenant believed to be Nordstrom's Department Store

(hereinafter The Nordstrom's Project) and for other reasons beyond the needs of Nordstrom's Department Store.

21. At all times material hereto, Westside and Mid-Rockland occupied space located below the future Nordstrom's space in the basement and sub-basement of the Building and also on certain upper floors.

22. Medical imaging equipment owned and/or leased by Mid-Rockland and utilized by Westside, including MRI machines, X-ray machines and associated computer and control equipment was also located in the spaces occupied by Westside, including the basement and sub-basement.

23. At all times material hereto, Vema was performing construction and/or demolition related activities on the ground floor, second floor and within other parts of the Building, some or all of which was related to leasing of part of the building to Nordstrom's.

24. It is believed and therefore averred that Vema was, at all times material hereto acting at the direction of 1790 Broadway and / or Goodhope as the agent, servant or employee of 1790 Broadway and / or Goodhope.

25. It is believed and therefore averred that 1790 Broadway, as owner of the building had accepted and/or owed certain responsibilities to ensure that water pipes within part of the building that might be without heat during periods of cold weather due to construction activities would be identified, turned off and drained, so as to avoid freezing and bursting of the pipes.

26. It is believed and therefore averred that defendant Goodhope, as manager of the building acting on behalf of the owner, accepted and/or owed certain responsibilities to ensure that water pipes within part of the building that might be without heat during periods of cold weather

due to construction activities would be identified, turned off and drained, so as to avoid freezing and bursting of the pipes.

27. It is believed and therefore averred that Vema was directed by 1790 Broadway and / or Goodhope to identify, turn off and drain water pipes in the part of the building that might be without heat during construction.

28. As a result of the negligence and lack of ordinary care of Vema, 1790 Broadway and Goodhope, the water losses occurring between December 30, 2017 and January 7, 2018 were caused to occur.

29. As the result of the negligence and lack of ordinary care of 1790 Broadway and Goodhope, the water loss of July 2, 2018 was caused to occur.

30. As the result of the water losses, which occurred as described above, property owned or leased to Westside, Mid-Rockland and Key Equipment was caused to be damaged and the business of Westside and Mid-Rockland at this location was caused to be interrupted.

31. As a result of the water losses, Plaintiff's insureds were caused to suffer property damage and other losses in an amount in excess of $2,000,000.

32. Pursuant to the applicable policy of insurance issued by Plaintiff to Westside and Mid-Rockland, Plaintiff issued payments to or on behalf of its insureds in an amount in excess of $2,000,000.

33. By virtue of the payments made by Plaintiff to its insureds, Plaintiff is now contractually, and equitably subrogated to the rights of its insureds and the owners of the property leased to their insureds and Key Equipment, against all third parties responsible for causing the water losses and its resultant damages.

## COUNT I

### TRAVELERS V. VEMA GROUP, LLC
### (NEGLIGENCE)

34. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

35. Vema agreed to construct, manage, oversee, inspect, supervise, and coordinate construction/demolition activities at the building.

36. Vema therefore owed a duty to construct, manage, oversee, inspect, and supervise construction/demolition work at the building with reasonable and ordinary care and in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and property.

37. Vema, as a general contractor/demolition contractor, also had a duty to perform all general contracting/demolition contracting services in a manner consistent with applicable building codes and the standards of care within their profession.

38. Vema failed to exercise ordinary and reasonable care and breached the foregoing duties of care by failing to properly identify and locate water pipes that were likely to be exposed to cold temperatures as the result of construction activities and failing to either turn off and drain such pipes, or otherwise protect the water pipes from freezing and failing to ensure that parts of the building which were not intended to be exposed to cold temperatures, were not so exposed.

39. Vema otherwise failed to exercise ordinary care so as to protect water supply pipes and other pipes and fixtures containing water and from damage during the construction and demolition.

40. As a direct and proximate result of the negligence and lack of ordinary care of Vema, the water losses occurring between December 30, 2107 and January 7, 2018 were caused to occur and Westside, Mid-Rockland and Key Equipment were caused to suffer damage to

property owned and leased by these parties, interruption of their business, lost revenue and other incidental expenses necessitated by the water losses, including, clean-up, restoration and extra labor expenses.

41. Plaintiff is equitably and contractually subrogated to the rights of its insureds and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE**, Plaintiff, Travelers requests judgment in its favor and against Vema Group, LLC in an amount in excess of $2,000,000, plus costs, fees, and such other relief as this Court deems just and equitable.

## COUNT II

### TRAVELERS V. VEMA GROUP, LLC
### (NUISANCE)

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Vema, by and through its agents and/or employees, carelessly and negligently failed to properly locate, identify and protect water supply pipes from exposure to freezing temperatures during construction activities, thereby causing certain water pipes to freeze, burst and leak, resulting in damage to the space occupied by Westside, and the property owned by Westside, Mid-Rockland, and Key Equipment.

44. Vema otherwise failed to exercise ordinary care so as to protect water supply pipes and other pipes and fixtures containing water and from damage during the construction and demolition.

45. As a direct and foreseeable result of unreasonable, negligent or intentional acts of Vema, Vema caused a substantial invasion and intrusion to the use and enjoyment of Westside's

and Mid-Rockland's leased premises resulting in damage to property owned, leased to or in the possession and control of Westside, Mid-Rockland and Key Equipment, interruption of their business, loss of revenue and other incidental expenses such as clean-up, restoration and additional labor costs.

46. Plaintiff is equitably and contractual subrogated to the rights of its insureds and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE**, Plaintiff, The Travelers Property Casualty Company of America, requests judgment in its favor and against Vema Group, LLC in an amount in excess of $2,000,000, plus costs, fees, and such other relief as this Court deems just and equitable.

## COUNT III

### TRAVELERS V. 1790 BROADWAY
### (NEGLIGENCE)

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. As owner of the building and lessor, 1790 Broadway owed a duty of ordinary care in the maintenance, management and care of the building, including during periods of time when construction, demolition and remodeling work was being conducted, so as to maintain the safe condition and integrity of the building and the building systems so as to avoid foreseeable harm to the persons given license to use the building and their property.

49. 1790 Broadway failed to exercise ordinary care during construction, demolition and remodeling of certain parts of the building, with the result that the water losses occurring between December 30, 2017 and January 7, 2018, and the water loss of July 2, 2018 were caused to occur

50. 1790 Broadway failed to exercise ordinary and reasonable care and breached the foregoing duties of care by failing to properly identify and locate water pipes that were likely to be exposed to cold temperatures as the result of construction activities and failing to either turn off and drain such pipes, or otherwise protect the water pipes from freezing, failing to insure that parts of the building which were not intended to be exposed to cold temperatures were not so exposed.

51. 1790 Broadway failed to exercise ordinary care in planning for, preparing for, monitoring and conducting the draining of the risers associated with the building water and or heating and cooling system, with the result that the water loss of July 2, 2018 was caused to occur.

52. 1790 Broadway otherwise failed to exercise ordinary care so as to prevent the entry of water into the spaces occupied by Westside and Mid-Rockland.

53. As a direct and proximate result of the negligence and lack of ordinary care of 1790 Broadway, the "Water Losses" were caused to occur and Westside, Mid-Rockland and Key Equipment were caused to suffer damage to property owned and leased by these businesses, interruption of their business, lost revenue and other incidental expenses necessitated by the water losses, including, clean-up, restoration and extra labor expenses.

54. Plaintiff is equitably and contractual subrogated to the rights of its insureds and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE,** Plaintiff, The Travelers Property Casualty Company of America, requests judgment in its favor and against 1790 Broadway in an amount in excess of $2,000,000 plus costs, fees, and such other relief as this Court deems just and equitable.

## COUNT IV

## TRAVELERS v. 1790 BROADWAY
## (NUISANCE)

55. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

56. 1790 Broadway, by and through its agents and/or employees, carelessly and negligently failed to identify and locate water supply pipes in the area of their operations to properly turn off, and drain such water supply pipes or protect such water supply pipe(s) from exposure to freezing temperatures thereby causing the water supply pipes to freeze, burst and leak, resulting in damage to the tenancy occupied by Westside, and damage to the property owned in or leased by Westside, Mid-Rockland, and Key Equipment.

57. 1790 Broadway otherwise failed to exercise ordinary care so as to protect water supply pipes and other pipes and fixtures containing water and from damage during the construction and demolition.

58. 1790 Broadway failed to properly plan, prepare for, monitor and conduct the draining of risers associated with the building water and / or heating and cooling system, with the result that "Water Loss" of July 2, 2018 was caused to occur.

59. As a direct and foreseeable result of unreasonable, intentional or negligent acts of 1790 Broadway, 1790 Broadway caused a substantial invasion and intrusion to the use and enjoyment of Westside's and Mid-Rockland's leased premises resulting in damage to property owned, leased to or in the possession and control of Westside, Mid-Rockland and Key Equipment, interruption of their business, loss of revenue and other incidental expenses such as clean-up, restoration and additional labor costs.

60. Plaintiff is equitably and contractual subrogated to the rights of its insured and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE,** Plaintiff, The Travelers Property Casualty Company of America, requests judgment in its favor and against 1790 Broadway in an amount in excess of $2,000,000 plus costs, fees, and such other relief as this Court deems just and equitable.

## COUNT V

### TRAVELERS v. GOODHOPE
### (NEGLIGENCE)

61. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

62. As manager of the building, Goodhope owed a duty of ordinary care in the maintenance, management and care of the building, including during periods of time when construction, demolition and remodeling work was being conducted, so as to maintain the safe condition and integrity of the building and the building systems so as to avoid foreseeable harm to the persons given license to use the building and their property.

63. Goodhope failed to exercise ordinary care during construction, demolition and remodeling of certain parts of the building, with the result that the water losses occurring between December 30, 2017 and January 7, 2018, and the water loss of July 2, 2018 were caused to occur

64. Goodhope failed to exercise ordinary and reasonable care and breached the foregoing duties of care by failing to properly identify and locate water pipes that were likely to be exposed to cold temperatures as the result of construction activities and failing to either turn off

and drain such pipes, or otherwise protect the water pipes from freezing, failing to insure that parts of the building which were not intended to be exposed to cold temperatures were not so exposed.

65. Goodhope failed to exercise ordinary care in planning for, preparing for, monitoring and conducting the draining of the risers associated with the building water and or heating and cooling system, with the result that the water loss of July 2, 2018 was caused to occur.

66. Goodhope otherwise failed to exercise ordinary care so as to prevent the entry of water into the spaces occupied by Westside and Mid-Rockland.

67. As a direct and proximate result of the negligence and lack of ordinary care of Goodhope, the "Water Losses" were caused to occur and Westside, Mid-Rockland and Key Equipment were caused to suffer damage to property owned and leased by these businesses, interruption of their business, lost revenue and other incidental expenses necessitated by the water losses, including, clean-up, restoration and extra labor expenses

68. Plaintiff is equitably and contractual subrogated to the rights of its insured and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE,** Plaintiff, The Travelers Property Casualty Company of America, requests judgment in its favor and against Goodhope in an amount in excess of $2,000,000 plus costs, fees, and such other relief as this Court deems just and equitable.

## COUNT VI

**TRAVELERS v. GOODHOPE**
**(NUISANCE)**

69. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

70. Goodhope, by and through its agents and/or employees, carelessly and negligently failed to identify and locate water supply pipes in the area of their operations to properly turn off, and drain such water supply pipes or protect such water supply pipe(s) from exposure to freezing temperatures thereby causing the water supply pipes to freeze, burst and leak, resulting in damage to the tenancy occupied by Westside and Mid-Rockland, and damage to the property owned in or leased by Westside, Mid-Rockland, and Key Equipment.

71. Goodhope otherwise failed to exercise ordinary care so as to protect water supply pipes and other pipes and fixtures containing water and from damage during the construction and demolition.

72. Goodhope failed to properly plan, prepare for, monitor and conduct the draining of risers associated with the building heating and cooling system, with the result that "Water Loss" of July 2, 2018 was caused to occur.

73. As a direct and foreseeable result of unreasonable, negligent, or intentional actions of Goodhope, Goodhope caused a substantial invasion and intrusion to the use and enjoyment of Westside's and Mid-Rockland's leased premises resulting in damage to property owned, leased to or in the possession and control of Westside, Mid-Rockland and Key Equipment, interruption of their business, loss of revenue and other incidental expenses such as clean-up, restoration and additional labor costs.

74. Plaintiff is equitably and contractual subrogated to the rights of its insured and owners of property leased or otherwise in the possession and control of its insured, including Key Equipment and may bring this action.

**WHEREFORE,** Plaintiff, The Travelers Property Casualty Company of America, requests judgment in its favor and against Goodhope, in an amount in excess of $2,000,000 plus costs, fees, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**LAW OFFICES OF ROBERT A. STUTMAN, PC**

Date: November 8, 2019

By _/s/ Kevin P. Smith_
Kevin Smith, Esq. (# 4218384)
Law Offices of Robert Stutman
200 Vesey St., 24th Floor
New York, NY 10281
215-283-1177 (Phone)
215-283-1188 (Fax)
smithk@stutmanlaw.com
*Attorneys for The Travelers Property Casualty Company of America*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b), trial by jury on all issues of fact is demanded by Plaintiffs.

          Respectfully Submitted,

          LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Dated: November 8, 2019    By: _\[signature\]_

          Kevin P. Smith, Esquire
          Atty. I.D. No. 4218384
          200 Vesey St., 24th Floor
          New York, NY 10281
          (215)283-1177
          Attorney for Plaintiffs